UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THOMAS MAGUNSON, an individual,

    Plaintiff,

v.

Case No. 2:15-CV-000282-EJL

H. JAMES MAGNUSON, an individual, in his capacity as Successor Trustee of the Thomas Robert Magnuson Inter Vivos Trust,

**MEMORANDUM DECISION AND ORDER**

    Defendant.

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendants' Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiffs have responded to the Motion and the matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by

1

oral argument, this Motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about September 22, 2004, Defendant H. James Magnuson ("Defendant") assumed his role of Successor Trustee of the Thomas Robert Magnuson Inter Vivos Trust ("Trust"). (Dkt. 1, ¶3.1.) Defendant's brother, Plaintiff Thomas Magnuson ("Plaintiff"), is the sole beneficiary of distributions from the Trust. (*Id.* at ¶3.3.) On July 23, 2015, Plaintiff initiated the present lawsuit alleging causes of action for: (1) breach of Trust, (2) breach of fiduciary obligations, (3) demand for third-party trust accounting, (4) removal of Trustee and appointment of Defendant as Successor Trustee, and (5) tortious interference with contractual expectancy. (Dkt. 1, ¶¶4.1-4.18.) Defendant then filed the instant Motion for Partial Judgment on the Pleadings as to Plaintiff's tortious interference with contractual expectancy claim. (Dkt. 14.)

The Trust requires Defendant to make distributions to Plaintiff of "all the ordinary, net income from the trust estate in convenient installments, but at least semiannually," and gives Defendant discretion to "make distribution of the corpus of the trust estate to any income beneficiary of this trust at such time as in trustee's judgment is necessary for the beneficiary's health, education, support, or

maintenance to maintain the beneficiary's accustomed manner of living." (*See* Dkt. 1, ¶3.2.)

The parties agree the primary assets of the Trust are its significant equity interests in numerous businesses, including but not limited to: Magnuson Properties Corporation; Magnuson Hospitality Group, Inc.; University City, Inc.; and Syringa Mining Corporation. (*Id.* at ¶3.4.) Defendant does not dispute that he served as President and/or Director for each of these businesses. (*See id.* at ¶¶3.4-3.7, and Dkt. 4, ¶¶5-7.)[1] The parties do not contest that the Trust does not hold a majority or controlling interest in any of the businesses in which it owns an equity interest.

Plaintiff alleges Defendant breached the Trust by using its assets in a way that tortiously interfered with Plaintiff's contractual expectancy. (Dkt. 1, ¶¶4.15-4.18.) Specifically, Plaintiff contends Defendant used his Director roles to make decisions that were financially harmful to the trust, including: (1) causing Magnuson Properties Corporation and Magnuson Hospitality Group to advance over a half a million dollars in personal interest-free loans to Defendant's mother and father; (2) advancing approximately $420,000 in interest-free intercompany receivables from Magnuson Properties Corporation, and $1,034,000 from Coeur

---

[1] These are the only businesses that Plaintiff identifies as relevant for the instant motion. (Dkt. 21, p. 7.) However, Plaintiff's complaint lists many other businesses and related leadership roles held by Defendant. (Dkt. 1,¶ ¶3.4-3.7.)

3

d'Alene Land Company to University City, Inc., again interest-free, without making any attempt to collect on these debts; and (3) removing Plaintiff from Plaintiff's leadership roles in Magnuson Hospitality Group, Inc., Magnuson Properties Corporation, Syringa Mining Corporation, and H.F. Magnuson Family Foundation, without any removal proceedings or corporate formalities. (Dkt. 21, p. 7.) Plaintiff contends he has suffered and will continue to suffer damages as a result of these actions. (Dkt. 1, ¶4.18.)

## STANDARD OF REVIEW

Motions for a judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c). The principal difference between motions filed pursuant to Federal Rule of Civil Procedure 12(b) and Rule 12(c) is the time of filing. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A party may move for a judgment on the pleadings at any point after the pleadings close. Fed. R. Civ. P. 12(c). "Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin*, 867 F.2d at 1192.

A motion pursuant to Rule 12(b)(6) or Rule 12(c) challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). To sufficiently state a claim to relief and survive such motion, the pleading "does not need detailed factual allegations,"

however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do[.]" *Id*. (citations omitted). Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but does require more than a sheer possibility that a defendant acted unlawfully. *Id*.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court identified two "working principals" that underlie *Twombly*. First, although a court must accept as true all factual allegations in a complaint when ruling on a Rule 12(b)(6) or 12(c) motion, the court need not accept legal conclusions as true. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will

. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

In light of *Twombly* and *Iqbal*, the Ninth Circuit has summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss [or Rule 12(c) motion], the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation and citation omitted). Apart from factual insufficiency, a complaint is also subject to dismissal where it lacks a cognizable legal theory, *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990), or where the allegations on their face show that relief is barred for a legal reason. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## ANALYSIS

A *prima facie* case of tortious interference with a contract requires a plaintiff to prove: "(a) the existence of a contract, (b) knowledge of the contract on the part of the defendant, (c) intentional interference causing a breach of the contract, and (d) injury to the plaintiff resulting from the breach." *Barlow v. Int'l Harvester Co.*, 522 P.2d 1102, 1114 (Idaho 1974) (citations omitted). As both parties note, the Idaho Supreme Court has upheld the general rule that "a party cannot tortiously

interfere with its own contract," and thus, "a claim for tortious interference with contractual relations requires proof that the defendant is a stranger to the contract with which the defendant allegedly interfered and to the business relationship giving rise to the contract." *BECO Const. Co., Inc. v. J-U-B Engineers, Inc.*, 184 P.3d 844, 849 (Idaho 2008) (citations omitted). Because Defendant is the Trustee of the same Trust that gives rise to Plaintiff's tortious interference claim, Defendant contends he was not a stranger to the contract or to the business relationship giving rise to the contract. (Dkt. 14-1, p. 5.) Plaintiff counters Defendant was a stranger for purposes of this claim because when he committed the allegedly tortious actions, Defendant was not acting as Trustee but rather as the Director of the businesses in which the Trust had a beneficial interest. (Dkt. 21, pp. 6-8.)

Plaintiff further alleges that cases dismissing a tortious interference claim are only dismissed when the parties do not dispute that the defendant was acting within the scope of his or her official capacity. (Dkt. 21, p. 9.) The Plaintiff subsequently argues that because his Complaint alleges Defendant acted outside of his duties as Trustee, his case must be treated differently from the cases Defendant relied on. (*Id.* at pp.9-10.) The Court agrees an agent can be liable for tortious interference when acting "outside its scope of duty to the corporation." *Ostrander v. Farm Bureau Mut. Ins. Co. of Idaho, Inc.*, 851 P.2d 946, 950 (Idaho 1993)

(citations omitted). The Court does not agree, however, that Plaintiff has alleged facts sufficient to show Defendant acted as a stranger to the Trust or as a stranger to the business relationship giving rise to the Trust.

The Court has been unable to locate, and Plaintiff fails to cite, any case finding a trustee becomes a stranger to his or her trust by acting outside the scope of the trustee position. In fact, Plaintiff's Complaint clearly alleges tortious interference with contractual expectancy against Defendant as Trustee:

> As described above and as will be further established at the time of trial, Trustee…[i]ntentionally interfered with Petitioner's valid and existing expectancy of receiving distributions in accordance with the contractual terms of the Trust, by actions including but not limited to: failure to use due care in the management of Trust assets by advancing loans in contravention of reasonable business practices, including loans to entities in which Trustee served as an officer and/or director, failing to collect such loans, allowing such loan to be made on an interest-free basis, exposure to unnecessary tax risk, and failing to follow corporate formalities.

(Dkt. 1, ¶¶4.17-4.17.1.) Plaintiff simultaneously attempts to sue Defendant for his alleged intentional interference as Trustee, while also asserting Defendant's actions outside of his role as Trustee are what give rise to liability. Under Idaho law, however, a trust is a relationship between the trustee who holds title to its assets, and the party who holds a beneficial interest. *Dennett v. Kuenzli*, 936 P.2d 219, 228 (Idaho App. 1997). The Court therefore finds Defendant, as Trustee holding title to the Trust's assets, cannot be a stranger to the Trust as required to support a claim for tortious interference with Plaintiff's beneficiary interests. *See, e.g.,*

*Cantwell v. City of Boise*, 191 P.3d 205, 216 (Idaho 2008) ("[s]ince there is no third party to the relationship, [Plaintiff] cannot state a claim for tortious interference."); *BECO*, 184 P.3d at 850 ("since [Defendant] was an agent of a party to the contract and was acting for the benefit of such party, it is not a stranger to the contract and therefore cannot be liable for tortious interference with such contract."). Because the allegations on their face show relief is barred for a legal reason, the Court must grant Defendant's Motion for Partial Judgment on Plaintiff's tortious interference with contractual expectancy claim. *Jones*, 549 U.S. at 215. The Court need not address Plaintiff's other arguments as the failure to establish Defendant was a stranger to the Trust is a fatal defect to the tortious interference claim.

## ORDER

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings (Dkt. 14) is **GRANTED** and Plaintiff Thomas Magnuson's tortious interference claim against Defendant H. James Magnuson is **DISMISSED**.

Dated: **July 14, 2016**

Honorable Edward J. Lodge
United States District Judge